# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

SHEILA LYNN SHELTON,

        Plaintiff,

v.                                                     CIVIL ACTION NO. 5:18-cv-01492

JEFFREY P. RUSSELL, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed *Defendants Landstar Ranger, Inc.'s, Appearing Specially, Landstar Express America, Inc.'s, Appearing Specially, Landstar Global Logistics, Inc.'s, Appearing Specially, and Landstar System Holdings, Inc.'s, Appearing Specially, Motion to Dismiss* (Document 3), *the Memorandum of Law in Support of Defendants Landstar Ranger, Inc.'s, Appearing Specially, Landstar Express America, Inc.'s, Appearing Specially, Landstar Global Logistics, Inc.'s, Appearing Specially, and Landstar System Holdings, Inc.'s, Appearing Specially, Motion to Dismiss* (Document 4) and the *Complaint* (Document1-1). For the reasons stated herein, the Court finds that the motion should be denied.

## PROCEDURAL HISTORY

The Plaintiff initiated this action with the filing of her Complaint in the Circuit Court of Wyoming County on the 9th day of August 2018. The Defendants removed the matter to this Court on the 5th day of December 2018 and filed their motion to dismiss pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure on the same date. No response has been filed and the matter is ripe for ruling.

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw [ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or

arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

These Defendants have appeared specially and argue that the Plaintiff has failed to state a claim upon which relief can be granted against them. Specifically, they argue that the allegations against them are based on the acts of one Jeffrey P. Russell, who is not employed by, nor acting on behalf of, any of said Defendants. The Defendants also argue that the Plaintiff does nothing more, in her complaint, than to name the Defendants in the style of the case and in the title to Count II of the Complaint and make a "general unsupported allegation" that Jeffrey P. Russel is

the agent, servant and/or employee of these Defendants. (Memorandum in Support p. 2)[1] In consideration of the Defendants' motion, this Court must assume all factual allegations are true and draw all reasonable inferences from those facts in the Plaintiff's favor. *Erickson,* 551 U.S. at 93.

In her Complaint, the Plaintiff alleges that on August 26, 2016, she was the operator of a 2014 Ford Focus traveling northbound on West Virginia Route 10 in Wyoming County. At the same time, Jeffrey P. Russell, traveling southbound on Route 10, was operating a 1999 International 9200 truck tractor owned by Landstar Inway with a 2014 Fontaine flatbed trailer in tow owned by Landstar Ranger, hauling a bulldozer with a large blade on it. Ahead of Mr. Russell, in the southbound lane, was a co-worker in a flag car who instructed the Plaintiff to move to her right and stop. She complied and when Mr. Russell's vehicle came past hers, he failed to stay to the right and the blade on the bulldozer, located on the flatbed, struck the Plaintiff's vehicle.

The Plaintiff alleges that Jefferey P. Russell "was an agent, servant and/or employee of … Landstar Ranger, Landstar Express, Landstar Global and/or Landstar System," at the time of the collision Russell "was engaged in his employment individually and as an agent, servant and/or employee…" of these Defendants and that his actions were committed "while he was within the course and scope of his agency and/or employment" with the moving Defendants.[2] (Comp. Paragraphs 23- 25). Assuming these allegations to be true, as required at this stage of the proceedings, the Court finds the Plaintiff has stated a claim against these Defendants upon which relief could be granted.

---

[1] Although the Defendants have submitted an Affidavit of Michael D. Cobb, related to these matters (as Exhibit D), the Court has not considered the same inasmuch as the motion is brought pursuant to Rule 12(b)(6) as opposed to Rule 56 of the Federal Rules of Civil Procedure.

[2] The Court acknowledges that allegations regarding agency, employment and scope can be viewed as either factual or as legal conclusions. In the context presented here, the Court has viewed the allegations as factual.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Defendants Landstar Ranger, Inc.'s, Appearing Specially, Landstar Express America, Inc.'s, Appearing Specially, Landstar Global Logistics, Inc.'s, Appearing Specially, and Landstar System Holdings, Inc.'s, Appearing Specially, Motion to Dismiss* (Document 3) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: July 9, 2019

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA